IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
EPHRAN MARRERO                   :     CIVIL ACTION
                                 :
          v.                     :
                                 :
MARIROSA LAMAS, et al.           :     NO. 11-6707
```

ORDER

AND NOW, this 18th day of July, 2012, upon
consideration of the Petition for Writ of Habeas Corpus, the
Response thereto, the petitioner's Reply, the Report and
Recommendation ("R&R") of United States Magistrate Judge Linda K.
Caracappa (Docket No. 19), the petitioner's objection thereto,
and for the additional reasons stated herein, IT IS HEREBY
ORDERED THAT:

    1.    The R&R is APPROVED and ADOPTED;

    2.    The petitioner's objection is OVERRULED;

    3.    The Petition for Writ of Habeas Corpus is DENIED
with prejudice; and

    4.    No probable cause exists to issue a certificate of
appealability.

The Court writes separately to note that the recent
Supreme Court ruling in Martinez v. Ryan, 132 S. Ct. 1309 (2012),
does not affect the petitioner's claim that PCRA counsel was
ineffective in failing to raise an ineffective-assistance-of-
trial-counsel claim, and therefore the R&R's rejection of Claim
Number 6 as noncognizable was accurate.  Martinez does not

provide a freestanding basis for a petitioner to challenge the effectiveness of counsel in post-conviction proceedings to obtain habeas relief.  Rather, that case permits a habeas petitioner to argue that a procedurally defaulted claim of ineffective trial counsel may be heard by the habeas tribunal where the cause for procedural default was the ineffective assistance of counsel on collateral attack; Martinez explicitly left open the question of whether a prisoner has a constitutional right to counsel in state collateral post-conviction proceedings.  Id. at 1315-16, 1319-20 (describing its holding as "equitable," not constitutional).  The Antiterrorism and Effective Death Penalty Act of 1996 explicitly excludes standalone claims of ineffective post-conviction counsel as a basis for habeas relief.  28 U.S.C. § 2254(i).

Moreover, although Pennsylvania provides a right to counsel on initial collateral review of convictions, the effectiveness of counsel in those proceedings does not implicate the Sixth Amendment.  Lines v. Larkins, 208 F.3d 153, 167-68 (3d Cir. 2000).  This principle, pursuant to the general rule that "there is no constitutional right to an attorney in state post-conviction proceedings," Coleman v. Thompson, 501 U.S. 722, 752 (1991), was left undisturbed by Martinez, to the extent the petitioner argues that such ineffectiveness entitles him to relief on habeas.  Instead, ineffective PCRA counsel only implicates the Sixth Amendment where, in the "limited

circumstances recognized" in Martinez, absent or ineffective counsel in an initial state post-conviction proceeding is the cause for the procedural default of a meritorious ineffective-assistance-of-trial-counsel claim.  132 S. Ct. at 1315, 1318.

The Court could construe the petitioner's argument on this claim to be within the ambit of Martinez, asserting that his PCRA counsel's ineffectiveness was the cause of his procedural default on the claim that trial counsel was ineffective (in failing to object to comments made about Tamika DeJesus).  Even if the Court did so, the Court's independent review of the trial record demonstrates that such a claim would lack merit.  The underlying argument made by the petitioner is that trial counsel was constitutionally deficient when he failed to object to the prosecutor's references to Tamika DeJesus during his closing argument, insinuating that had DeJesus testified at trial, she would have identified the petitioner as the shooter.

The Court has reviewed the prosecutor's closing argument.  In reference to DeJesus, the prosecutor said, "Tamika . . . told the sergeant, I didn't see who shot me.  [She] wouldn't go to Homicide on several occasions because she didn't want to get involved.  Again, who wants to be a snitch, who wants to get involved in a murder case?"  N.T. Apr. 8, 2004 at 57.  At no point did the prosecutor state or imply that Tamika DeJesus would identify the petitioner as the shooter; instead, he stated

-3-

that she informed investigators that she could not identify the shooter and otherwise did not want to "get involved."

Moreover, the petitioner's trial counsel repeatedly suggested in his own closing argument that DeJesus's failure to appear as a witness implied that she would not have identified the petitioner, because the other witnesses presented by the Commonwealth were members of a drug gang and DeJesus was not. See id. at 24:12-22 ("What about Tamika?"); Id. at 25:20-26:15 ("I submit to you that you can draw that negative inference that if she appeared . . . she would have said it was not that man there [the petitioner].").

In short, the prosecutor never implied what DeJesus's testimony would have been had she testified.  Petitioner's trial counsel, by contrast, did suggest that DeJesus would have testified favorably to the petitioner had she appeared.  Trial counsel could not have been ineffective for failing to object to comments that were never made; even if the comments by the prosecutor were improper, they did not "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process," Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974), particularly in light of trial counsel's suggestion that DeJesus would not have identified the petitioner had she testified.

The Court also writes to add an observation with

-4-

respect to the petitioner's claim that trial counsel was ineffective because he elicited testimony from the petitioner regarding prior drug convictions.  On this claim (identified as Claim Number 7), the R&R recommended that the Court find that the state court's resolution was not contrary to federal law.

This was accurate because the Sixth Amendment is not violated where the decisions of trial counsel are objectively reasonable and "might be considered sound strategy." <u>Strickland v. Washington</u>, 466 U.S. 668, 689 (1984) (quoting <u>Michel v. Louisiana</u>, 350 U.S. 91, 101 (1955)).  The Pennsylvania Superior Court (on appeal from the petitioner's collateral attack to his conviction) and the Magistrate Judge both describe the reasoning of trial counsel in eliciting testimony regarding the petitioner's prior convictions, namely to portray him as "not an angel. . . . [B]ut . . . not a murderer," given repeated descriptions of the petitioner as a drug dealer.  R&R at 22 (quoting N.T. 2/17/09 at 9).  The state court's application of <u>Strickland</u> was therefore not unreasonable.

The Clerk shall mark this case as closed.


BY THE COURT:


<u>/s/ Mary A. McLaughlin</u>
MARY A. McLAUGHLIN, J.


-5-